
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GREGORY KOIRO, | No. 14-17514 |
| Plaintiff - Appellee, | D.C. No. 2:12-cv-00725-RFB-GWF |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| CHRISTOPHER CATANESE, Police Officer, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware, District Judge, Presiding

Submitted December 16, 2016[**]
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Before: GRABER, LUCERO,[***] and HURWITZ, Circuit Judges.

Christopher Catanese, a former Las Vegas Metropolitan Police Officer, appeals from the district court's denial of his motion for summary judgment based on qualified immunity. Exercising jurisdiction under the collateral order doctrine, Robinson v. York, 566 F.3d 817, 821 (9th Cir. 2009), we affirm.

We review the district court's order de novo. Id. A qualified immunity defense must be denied if: (1) the facts, taken in the light most favorable to the non-moving party, show the violation of a constitutional right; and (2) that right was clearly established at the time of the violation. Pearson v. Callahan, 555 U.S. 223, 232 (2009). In an excessive force case, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." Graham v. Connor, 490 U.S. 386, 397 (1989).

The district court properly determined that, on plaintiff Gregory Koiro's version of events, Catanese is not entitled to qualified immunity as a matter of law. According to Koiro he was at the home of a friend, Laura Carducci, and after having had several drinks, he and Carducci argued over whether he was sober enough to drive himself home. Carducci called her neighbor, Kimberly Costarell.

---

[***] The Honorable Carlos F. Lucero, United States Circuit Judge for the Tenth Circuit, sitting by designation.

Costarell and her boyfriend, Catanese, came to Carducci's home. Catanese was off-duty and never identified himself as a police officer. As Koiro walked toward his truck, Catanese became aggressive toward Koiro, yelling profanities at him and trying to take his keys. Koiro attempted to walk away from Catanese, at which point Catanese shoved Koiro from behind, pushed him to the ground, and repeatedly punched him in the head and torso. Catanese also choked Koiro several times, instructed Costarell to choke him on two occasions, and bit his index finger. If proved, these facts would suffice to show Catanese used excessive force against Koiro. And, Koiro's "right to be free from the application of non-trivial force for engaging in mere passive resistance was clearly established" before this incident occurred. Gravelet-Blondin v. Shelton, 728 F.3d 1086, 1093 (9th Cir. 2013); see also Nelson v. City of Davis, 685 F.3d 867, 881-82 (9th Cir. 2012) (citing Ninth Circuit caselaw dating from 2001 and holding that the "failure to fully or immediately comply with an officer's orders neither rises to the level of active resistance nor justifies the application of a non-trivial amount of force").

Catanese disputes much of Koiro's account. He contends that Koiro was drunk and intending to drive, refused to follow Catanese's reasonable requests not to drive even after Catanese identified himself as an officer, and physically assaulted Catanese. This argument requires us to accept Catanese's version of the

3

facts as true. In reviewing this denial of summary judgment, however, we must assume that the facts to which Koiro testified are correct. <u>Bingue v. Prunchak</u>, 512 F.3d 1169, 1172-73 (9th Cir. 2008).

**AFFIRMED**.